United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Harold Jean-Baptiste, Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 23-23181-Civ-Scola |
| | ) |
| Publix Super Markets, Inc., | ) |
| Defendant. | ) |

### Order Striking Complaint and Requiring Amended Complaint

This matter is before the Court on an independent review of the record. This civil rights action arises from injuries allegedly sustained by the Plaintiff, Harold Jean-Baptiste, during a visit to one of the Defendant, Publix Super Markets, Inc.'s ("Publix") stores. According to the complaint, Publix colluded with the Federal Bureau of Investigation ("FBI") to facilitate Jean-Baptiste's purchase and consumption of poisoned Smartwater bottles when he visited the supermarket on June 30, 2023. (Compl. ¶¶ 3, 6, ECF No. 1.) Because the complaint is a shotgun pleading, the Court **strikes** it, with leave to amend. (**Compl., ECF No. 1**.)

Jean-Baptiste's complaint appears to relate to (at least) two other actions he has instituted in the Southern District of Florida, namely *Jean-Baptiste v. United States Department of Justice, et al.*, Case No. 1:22-cv-22376-JEM and *Jean-Baptiste v. United States Department of Justice, et al.*, Case No. 1:23-cv-22531-KMW. Although the legal and factual bases for Jean-Baptiste's complaint are not clear, he seems to be alleging that the FBI has sought to harm him, with Publix's help, in retaliation for having brought those other lawsuits. (*See, e.g., id.* ¶ 3 ("The reason for his experience at Publix Super Market, Inc is because of case 23-CV-22531 in the Southern District of Florida.").) Among the causes of actions or claims Jean-Baptiste identifies are the following: discrimination in violation of 42 U.S.C. §§ 1981, 1983, 1985(3), 1986; violations of the Federal Food, Drug, and Cosmetic Act, 21 U.S.C. §§ 342, 343, 346, 350; lack of due care and negligence; human rights violations; and violation of the Ninth Amendment. (*Id.* at 2.) As a result of his claims against Publix, Jean-Baptiste seeks declaratory relief, as well as compensatory and punitive damages. (*Id.* at 11–12.) However, the facts supporting Jean-Baptiste's claims are not discernible.

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Further, "[a] party must state its claims or defenses in

numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Complaints that fail to comply with these rules are often referred to as "shotgun pleadings." *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015).

"Courts in the Eleventh Circuit have little tolerance for shotgun pleadings." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1294-95 (11th Cir. 2018). They violate Federal Rules of Civil Procedure 8 and 10, "waste scarce judicial resources, inexorably broaden the scope of discovery, wreak havoc on appellate court dockets, and undermine the public's respect for the courts." *Id.* (cleaned up). When presented with a shotgun pleading, a district court should strike the pleading and instruct the party to replead the case, assuming the litigant can "in good faith make the representations required by Fed. R. Civ. P. 11(b)." *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1357-58 (11th Cir. 2018) ("This is so even when the other party does not move to strike the pleading."). Although "pro se pleadings are held to a less strict standard than pleadings filed by lawyers and thus are construed liberally," *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008), "[e]ven a pro se litigant is required to comply with the rules of procedure," *LaCroix v. W. Dist. of Kentucky*, 627 F. App'x 816, 818 (11th Cir. 2015).

Importantly, as here, "[a] 'shotgun pleading'—one in which 'it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief'—does not comply with the standards of Rules 8(a) and 10(b)." *LaCroix*, 627 Fed. App'x at 818 (quoting *Anderson v. Dist. Bd. of Trs. of Ctr. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir.1996)). First, the complaint fails to comply with the basic instructions of Rule 10 because it does not "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Most of the complaint is comprised of massive paragraphs containing numerous allegations. For example, paragraph six alone takes up three pages. (*See* Compl. ¶ 6, ECF No. 1.)

In addition, the complaint fails to separate its various theories for relief into separate counts, making it one of the quintessential types of shotgun pleading. *See Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1322-23 (11th Cir. 2015) ("The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief."). Instead of separating each cause of action or claim for relief, the complaint dumps them all together into a section labeled "Violation of Laws." (*See id.* ¶¶ 12–19.) However, because the complaint alleges different theories of liability, each must be asserted independently and with supporting factual allegations. *See Elliott-Savory v. Royal Caribbean Cruises, LTD.*, Civil Action No.

19-23662-Civ-Scola, 2019 U.S. Dist. LEXIS 152673, at *4 (S.D. Fla. Sep. 9, 2019) (Scola, J.) ("In this complaint, the Plaintiff lists at least three theories of liability . . . [.] These are separate causes of action that must be asserted independently and with supporting factual allegations."); *Garcia v. Carnival Corp.*, 838 F. Supp. 2d 1334, 1337, n.2 (S.D. Fla. 2012) (Moore, J.) (dismissing maritime negligence claim that "epitomizes a form of 'shotgun' pleading,'" where the plaintiff alleged that Defendant owed a duty of "reasonable care under the circumstances," and then "proceed[ed] to allege at least twenty-one ways in which Defendant breached this duty").

Furthermore, Jean-Baptiste's complaint is mostly devoid of any actual facts, setting forth identifiable, fact-based support, for any particular allegations of wrongdoing. While the complaint includes approximately five pages of a "factual background," it does not tie any of these alleged facts to the various causes of action presented. To fix these problems, the complaint must contain specific allegations with respect to each particular cause of action, separating the distinct allegations into separate counts. *See Brown v. Carnival Corp.*, 202 F. Supp. 3d 1332, 1338 (S.D. Fla. 2016) (Ungaro, J.) ("Simply alleging that Carnival owed Plaintiff a duty of 'reasonable care' in a conclusory fashion, while also pleading alleged breaches that purport to impose a heightened duty upon Carnival, is not sufficient to state a valid negligence claim under maritime law," and holding that "the burden will remain on Plaintiff to review her Complaint and ensure that each factual allegation is supported by law and plausible facts, and is alleged in good faith.").

In sum, then, Jean-Baptiste's allegations make it nearly impossible for the Court to discern (1) which allegations apply to which claims; (2) what causes of actions are alleged; and (3) what facts support Jean-Baptiste's allegations of wrongdoing. In other words, the complaint fails to supply, in a clear manner, "direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *See Frazile v. EMC Mortg. Corp.*, 382 F. App'x 833, 836 (11th Cir. 2010) (cleaned up). Instead, the complaint supplies only a loose association of wrongs and unexplained injuries, without sorting any discernable facts into a comprehensible narrative as to Publix's actual liability.

Accordingly, the Court **strikes** Jean-Baptiste's complaint (**ECF No. 1**) and instructs him to **replead** his case though an amended complaint, if he can, in good faith, allege facts directly supporting at least one viable claim for relief against Publix. Jean-Baptiste is cautioned to plead only facts that are tethered to a viable cause of action against Publix and to identify which facts relate to which cause of action. Further, in compliance with Federal Rule of Civil Procedure 10(b), Jean-Baptiste must state his claims in numbered paragraphs,

"each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). The Court also directs Jean-Baptiste to avoid conclusory or vague allegations, or to at least supplement them with fact-based claims, and to ensure that he endeavors to separate different causes of actions, to the extent there is more than one, into separate, numbered counts. Jean-Baptiste must file his amended complaint, compliant with the above and the Federal Rules of Civil Procedure, on or before **September 11, 2023**. Jean-Baptiste is forewarned that if he fails to timely comply with this order, his complaint will be dismissed, without further leave to amend.

In the meantime, while there is no operative complaint, the Court directs the Clerk to administratively **close** this case. Any pending motions are **denied as moot**.

**Done and ordered** in Miami, Florida, on August 28, 2023.

_____
Robert N. Scola, Jr.
United States District Judge